**UNITED STATES**

v.

**Staff Sergeant Leonard E. BECKETT,**
**FR 219–60–0955 United States**
**Air Force.**

**ACM 25005.**

U.S. Air Force Court of Military Review.

24 July 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Deborah J. Hudspeth.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr. and Lieutenant Colonel Robert E. Giovagnoni.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A military judge sitting as a general court-martial convicted the appellant, contrary to his pleas, of rape, forcible sodomy, and kidnapping. He sentenced him to a dishonorable discharge, 10 years confinement, forfeiture of $350 per month for three years, and reduction to airman basic. The appellant has asserted a number of errors, only one of which we will discuss here.

The appellant was assigned to Eglin Air Force Base, Florida, but had arrived in Germany for an extended temporary duty assignment just two days before the incident which led to his conviction. On the evening of the incident he went to a local discotheque where he struck up a conversation with a German woman. This conversation eventually led to a drive in the country and an episode of sexual activity which forms the basis for the charges.

As is common in rape cases, the proof rests heavily on the testimony of the victim. Both parties agree to all significant facts leading up to the incident; consent is the only real difference between their stories. The appellant claims that the victim consented to everything, while the victim claims she did not consent to any of the sexual advances, and had even resisted the appellant's initial kisses.

During the hearing on the exclusion motion, the doctor who performed the rape protocol testified that she found one complete human sperm cell in the victim's vagina during the protocol. At the Article 32, U.C.M.J., pretrial hearing, the victim stated she had not had sexual intercourse with anyone for six months prior to the incident. At trial, in response to a more limited question, she stated she had not had sexual intercourse with anyone during the eight weeks preceding the incident.

To challenge the victim's credibility and to establish evidence of a motive for the victim falsely to accuse the appellant of rape, the defense attempted to introduce information concerning the sperm cell, and evidence concerning the appellant's vasectomy and subsequent negative sperm count. The appellant now claims that the military judge erred by excluding this information. We disagree.

This allegation of error raises the issue of the scope of Mil.R.Evid. 412, the so-called rape shield provision. The sperm cell was found in the victim. Its admission, therefore, may be protected by Mil.R.Evid. 412. Although the defense motion dealt with admission of several items of evidence, we will consider the admissibility of the information about the sperm cell first because information about the appellant's vasectomy would be relevant only as it relates to the presence of sperm in the victim.

Mil.R.Evid. 412 essentially prohibits introduction of reputation or opinion evidence of the past sexual behavior of a victim of nonconsensual sexual behavior and further prohibits introduction of evidence, other than reputation or opinion, of the victim's past sexual behavior unless certain situations exist. Those exceptions are: a)

where the evidence is constitutionally required to be admitted, b) where the evidence indicates the accused was or was not the source of semen or injury, or c) where the evidence concerns past sexual activity with the accused and the issue to be established is consent.

None of these exceptions apply in this case. The Court of Military Appeals announced the test for admissibility of evidence as being constitutionally required under Mil.R.Evid. 412 in *United States v. Dorsey*, 16 M.J. 1 (C.M.A.1983). They stated an accused has a right to present evidence as "constitutionally required" when it is a) relevant, b) material, c) favorable to the accused's case, and d) when its probative value outweighs the danger of prejudice.

■ Where both parties agree that intercourse took place, evidence tending to prove that the victim had engaged in sexual intercourse would ordinarily seem to be irrelevant. However, in this case the appellant alleges his inability to produce sperm, coupled with the presence of sperm in the victim's vagina, indicates the victim must have had sexual intercourse with someone capable of producing sperm within 72 hours of the rape protocol. He asserts that this information is relevant and not protected by Mil.R.Evid. 412 because it reflects on the victim's credibility, not on her morals or prior chastity. Indeed, it appears that this is the only way this evidence could be considered either relevant or material.

There is no indication in the record that it is possible to establish a "donor identity" of the sperm cell, nor is there evidence that a man can never deposit a single sperm cell after he has had a vasectomy. Evidence of the presence of a sperm cell in the victim, without more, does not have any tendency to make the existence of any fact that is of consequence to this case more or less probable than it would be without the evidence. Mil.R.Evid. 401. This information is not relevant or material to this case.

The next consideration is whether the evidence is favorable to the appellant. For the same reasons that it was not relevant, we hold that the evidence was also not particularly favorable, factually, to the appellant. Evidence might also be considered favorable if it involves an exercise of the appellant's constitutional rights. An accused must be allowed to confront the witnesses against him and subject them to cross-examination to test their credibility. U.S. Const. amend. VI. In this case, the appellant was afforded ample opportunity to subject the victim to this type of examination despite the exclusion of these few items of evidence.

■ The military judge allowed the defense to question the victim on twelve items of "testimonial evidence" concerning the victim's health, menstrual cycle status and the length of time since she had had sexual intercourse. This allowed questioning about everything within the victim's knowledge. The only matters which were not allowed were the information about the discovery of the lone sperm cell and about the appellant's vasectomy. The victim's testimony at trial was extensive. When transcribed it took 84 pages of the record. There was plenty of opportunity, outside the protected information, to test her credibility. The exclusion of the evidence concerning the sperm cell did not deny the appellant an opportunity to confront and cross-examine the witnesses against him, nor to test the victim's credibility thoroughly.

In view of the other information available about the victim's credibility, the excluded evidence had only a questionable probative value. The only way this evidence could have been used to test the victim's credibility, was to show that her claim of no intercourse for a certain period prior to the incident may have been false. The effect of using this evidence this way would be to introduce information specifically concerning the victim's past sexual activities. Ordinarily evidence used in this way should not be admitted. Mil.R.Evid. 412. In this case the presence of ample admissible evidence with which to test the victim's credibility weighs against admit-

ting this otherwise protected information. The excluded evidence, therefore, does not meet the test as "constitutionally required".

■ It also fails to qualify for admission under the other two exceptions to Mil. R.Evid. 412. Both parties agreed that intercourse took place. As mentioned before, there is no indication in the record that there is any way to establish a "donor identity" of the sperm cell, nor is there evidence that it is impossible for a man to deposit a single sperm cell after he has had a vasectomy. The presence of an untraceable sperm cell in the vagina of a woman who admits to having had sexual intercourse within the prior 72 hours does not create a reason to admit the evidence of the presence of sperm under the "source of semen or injury" exception. The record also contains no allegation of any past sexual activity between the appellant and the victim. For that reason, the "past sexual activity" exception does not apply.

■ The appellant has asserted an alternate ground for admission of the excluded evidence. He asserts that, in addition to its use to challenge the victim's credibility, the evidence should have been admitted as reflecting on the victim's motive for falsely claiming rape. He asserts that the victim feared she was pregnant at the time of the incident and that she had attempted to use the rape charge to explain her condition. We disagree.

As to the feared pregnancy, the victim testified at trial that she did not fear she was pregnant at the time of the incident. Further, testimony indicated that sperm can remain intact in the vagina for only about 72 hours. At trial the defense counsel argued that the victim's fear of pregnancy was based on her menstrual period being eight weeks overdue. This fear could not reasonably relate to the sperm cell found in her vagina since, if she were pregnant, the pregnancy had begun eight weeks earlier, not within 72 hours of the incident. Evidence about the sperm cell is therefore irrelevant on the issue of motive.

The evidence does not fit any of the exceptions to Mil.R.Evid. 412 when viewed from either the perspective of credibility or motive. Accordingly, the military judge correctly limited the inquiry under Mil.R. Evid. 412.

■ Having found the evidence about the sperm was inadmissible, we hold that the information about the appellant's vasectomy was also inadmissible. Without the sperm cell to relate to, this evidence is completely irrelevant. It has no tendency to make more or less probable any fact that is of consequence to this case. Mil.R. Evid. 401. The military judge properly excluded it.

The other allegations of error are likewise without merit. We have examined the record of trial, the assignment of errors, and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge O'HAIR concur.